**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID ANTONIO QUEZADA-
GONZALEZ,

 Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

 Respondent.

No. 14-72526

Agency No. A099-539-214

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

 Petitioner, a native of El Salvador, seeks review of an order of removal

denying statutory withholding of removal and protection under the Convention

Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252 and grant the

petition for review in part. The Board of Immigration Appeals lacked substantial

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

evidence for its finding that Quezada-Gonzalez did not have a well-founded fear of persecution in El Salvador. Gang members recognized Quezada-Gonzalez as a former police officer and searched for him in his neighborhood, forcing him to flee to his family members' homes in other towns. Gang members found Quezada-Gonzalez at both his brother's house and his sister's house. Third parties relayed that the gang members wanted to kill Quezada-Gonzalez and that the police had approved the plan to do so. As a result, Quezada-Gonzalez fled to the United States repeatedly. Three individuals who attempted to warn Quezada-Gonzalez about the gang members' search, including Quezada-Gonzalez's nephew, disappeared or were killed. Although no gang member directly communicated a threat to Quezada-Gonzalez, repeated indirect threats give rise to a well-founded fear of persecution. *See Khup v. Ashcroft*, 376 F.3d 898, 904 (9th Cir. 2004).

The Board also lacked substantial evidence for its finding that Quezada-Gonzalez's role in disrupting a particular criminal incident as a police officer could have accounted for all of the threats he received. Although one gang member in Quezada-Gonzalez's hometown identified Quezada-Gonzalez as the officer who arrested him, there is no evidence that Quezada-Gonzalez arrested the gang members who searched for him in the airport or the towns where his siblings lived. *See Madrigal v. Holder*, 716 F.3d 499, 506 & n.3 (9th Cir. 2013).

Nor was there substantial evidence that Quezada-Gonzalez's ex-wife's personal relationship with a gang member caused his persecution. Nothing in the record suggested that the gang members who searched for Quezada-Gonzalez in three different towns had any interaction with the gang member Quezada-Gonzalez encountered at his ex-wife's home. Accordingly, this record compels the conclusion that Quezada-Gonzalez's status as a former police officer was "one central reason" for his persecution.

Quezada-Gonzalez's request for relief under the Convention Against Torture was properly denied. Quezada-Gonzalez was not tortured in the past. The Board's finding that it is not more likely than not that upon return to El Salvador Quezada-Gonzalez would be tortured by gang members with the consent or acquiescence of the government was supported by substantial evidence.

Each party shall bear its own costs.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**